UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MD Nurulhuda SHAPAN,

                                    Petitioner,

v.

WARDEN, Otay Mesa Detention Center,

                                    Respondent.

Case No.:  25-cv-3817-AGS-VET

**ORDER REQUIRING RESPONSE**

Petitioner MD Nurulhuda Shapan, who is self-represented, seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. (*See* ECF 1.)

At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id.*

On "January 8, 2025," petitioner, a "native" and "citizen" of "Bangladesh," "came to the U.S." (ECF 1, at 6, 9.) He was caught the same day, after avoiding "inspect[ion] by an Immigration Officer," and has been detained "since." (*Id.* at 6, 12.) He thereafter asserted a credible fear of prosecution and was moved from expedited removal proceedings to normal removal proceedings. (*Id.* at 9.) He asks that, after nearly a year of custody, the Court "grant [him] parol[e] or bond." (*Id.* at 7.)

But Farah does not identify any particular claim for relief or any authority this Court may have to grant his request. (*See generally id.*) Given this, the Court struggles to predict how likely Farah's petition is to succeed. Yet it is not frivolous. After all, some courts have

1

concluded that prolonged detention can violate due process, even for arriving aliens subject to mandatory detention under 8 U.S.C. § 1225(b). *See, e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Thus, the government must respond.

By **January 16, 2026**, respondents must answer the petition. Any reply by petitioner must be filed by **January 23, 2026**. The Court will hold oral arguments on the petition on **January 30, 2026**, at **11:00 a.m.**

Dated:  January 2, 2026

Hon. Andrew G. Schopler
United States District Judge

2